**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO  DIVISION**

| | | |
|---|---|---|
| DAVID SALINAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| VS. | ) | Civil Action No: SA-10-CA-983-XR |
| | ) | |
| TEXAS PAROLE BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND**
**RECOMMENDATION**

On this date, the Court considered the United State Magistrate Judge's Report and Recommendation, filed December 21, 2010 (Docket Entry No. 2), in the above-numbered and styled case.  After due consideration, the Court will accept the Magistrate Judge's recommendations.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendations. 28 U.S.C. § 636(b)(1).  The Magistrate Judge's recommendation was mailed by certified mail on December 21, 2010 and was received on December 22, 2010.  Docket no. 4, 5. No objections have been filed.   Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

David Salinas filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the execution of his state court sentences.  Salinas' claims that two of his state sentences,

1

in cause numbers 96-CR-326 and 96-CR-119, have been unlawfully extended by the Texas Parole Board.  He also claims that the Texas Department of Criminal Justice refuses to credit his state sentences with time he spent in prison on a federal conviction in  case No. 91-CR-316.  Finally, he claims that the state criminal justice information system was altered to reflect that he was convicted of a first degree burglary rather than second degree burglary in case No. 96-CR-1190, making it more difficult for him to be released on parole.

Magistrate Judge Primomo concluded that Salinas' petition was successive and should be dismissed.  He found that Salinas' first two claims were essentially the same time credit claims which had previously been raised by Salinas in cause number SA-06-CA-565-OG, and were found in that proceeding to be time barred under the AEDPA limitations period.  Thus, he concluded that Salinas is again attempting to raise time-barred claims.  He also found that Salinas' third claim, that none of his state sentences have been properly credited with time served on his federal sentence in case No. 91-CR-316, was previously raised and was time-barred by the AEDPA limitations period, so it should be dismissed.

Judge Primomo found that Salinas' fourth claim, that inaccurate information in the state criminal justice information system was hindering his release to parole, was corrected by a state trial judge's July 28,2005 *nunc pro tunc* order correcting the mistake. Furthermore, the claim is also barred by the successive nature of the petition, absent permission from the Court of Appeals to present the claim and explain why it was not raised in either of his previous habeas petitions. Finally, Judge Primomo recommended denial of a certificate of appealability, because jurists of reason would not debate the ruling that Salinas' petition is successive.

Salinas has not filed objections to the Magistrate Judge's recommendations.  The Court has

reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation, and DISMISSES Salinas' petition (Docket Entry No. 1). The Court also DENIES a certificate of appealability.

It is so ORDERED.

SIGNED this 28th day of January, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

.